**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (Cal. Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com

*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN ROMERO,<br><br>Plaintiff,<br><br>v.<br><br>CONSTAR FINANCIAL SERVICES, LLC,<br><br>Defendant. | Case No. 2:19-cv-07203<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1.VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ*.**<br><br>**2.VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 *ET SEQ*.**<br><br>**JURY TRIAL DEMANDED** |

NOW COMES, IVAN ROMERO, through counsel, WAJDA LAW GROUP, APC, complaining of CONSTAR FINANCIAL SERVICES, LLC, as follows:

## NATURE OF THE ACTION

1.      This action arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*., and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq*.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.      Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

1

# PARTIES

5. IVAN ROMERO ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Van Nuys, California.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

8. CONSTAR FINANCIAL SERVICES, LLC ("Defendant") is a foreign limited liability company with its principal place of business located in Phoenix, Arizona.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it uses instrumentalities of interstate commerce and the mail in its business to collect debts.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

12. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c) as it in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection.

# FACTUAL ALLEGATIONS

15. Plaintiff purchased a Kia Optima ("vehicle"), financing it through an installment loan ("Loan") with Kia Motors Finance Company.

16. Plaintiff defaulted on the Loan and Kia Motors Finance Company repossessed the vehicle.

17. Kia Motors Finance Company sold the vehicle at an auction for less than the balance of the Loan, leaving a $28,579.35 deficiency balance ("subject debt").

18. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5) as it relates to an unpaid obligation to pay money arising out of a transaction in which the money which is the subject of the transaction is primarily for personal, family, or household purposes.

19. The subject debt is a "debt" as defined by Cal. Civ. Code. § 1788.2(d) as it relates to money which is due or owing or alleged to be due or owing from a natural person to another person.

20. The subject debt is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f) as it relates to money due or owing from a natural person by reason of a consumer credit transaction.

21. On July 25, 2019, Plaintiff filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

22. The filing of the bankruptcy case triggered the bankruptcy automatic stay, which precluded any collection activity on the subject debt. *See* 11 U.S.C. § 362.

23. As part of his bankruptcy petition, Plaintiff filed Schedule F: Creditors Who Have Unsecured Claims – which listed the subject debt.

24. On or before August 5, 2019, Kia Motors Finance Company referred the subject debt to Defendant for collection.

24. On or around August 5, 2019, Defendant sent Plaintiff written correspondence (the "Letter").

25. The Letter, in pertinent part, stated :

## Settlement Offer

Creditor : KIA MOTORS FINANCE COMPANY
Constar # : 3151065
Current Creditor Account # : 20180701758757
**Total Due : $28,579.35**

At this time it may be difficult to pay the entire balance of the above referenced account.

**WE WOULD LIKE TO HELP!**

> We are able to offer you a settlement in the amount of $20,005.55. This offer will be due in six (6) installments of.
>
> | Settlement Amount | Date | Settlement Amount | Date |
> |---|---|---|---|
> | $ 3,334.26 | 08/23/2019 | $ 3,334.26 | 12/23/2019 |
> | $ 3,334.26 | 09/23/2019 | $ 3,334.26 | 01/23/2020 |
> | $ 3,334.26 | 10/23/2019 | | |
> | $ 3,334.26 | 11/23/2019 | | |

26. The Letter included a payment coupon with payment instructions, indicating that $28,579.35 was due on the subject debt.

27. The Letter is a "communication" as defined by 15 U.S.C. § 1692(a)(2) as it conveys information regarding the subject debt directly to Plaintiff.

## DAMAGES

26. Defendant's attempt to collect the subject debt while the automatic stay was in effect caused Plaintiff significant emotional distress and confusion.

27. Specifically, the Letter led Plaintiff to believe that his bankruptcy filing had no legal effect and that he was obligated to make immediate payment on the subject debt.

28. Concerned about violations of his rights and protections afforded by bankruptcy laws, Plaintiff sought the assistance of counsel to ensure that Defendant's collection efforts ceased.

29. Plaintiff has been forced to expend time consulting with his attorneys as a direct result of Defendant's unlawful collection activity.

## CLAIMS FOR RELIEF

**COUNT I:**
**Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 *et seq*.)**

29. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violations of 15 U.S.C. § 1692e**

30. Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.
>
> (2)  The false representation of –
>
>   (A)  the character, amount, or legal status of any debt.
>
> (10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

31. Section 362(a)(6) of the Bankruptcy Code, commonly known as the automatic stay provision, prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. §362(a)(6).

32. Defendant violated §§1692e(2) and e(10) by falsely representing that the subject debt was owed at the time it made its demand for payment, when in fact it was not by virtue of the bankruptcy automatic stay.

33. Defendant violated §1692e(10) by engaging in deceptive conduct as the subject debt was not owed at the time it made its demand on the subject debt.

**Violations of FDCPA §1692f**

34. Defendant violated §1692f by attempting to coerce Plaintiff into paying a debt that was not legally owed at the time the demand was made.

35. Defendant violated §1692f(1) by attempting to collect a debt not permitted by law as the automatic stay prohibits collection of the subject debt.

**WHEREFORE**, Plaintiff requests the following relief:

A.  find that Defendant violated 15 U.S.C. §§ 1692e(2), e(10), f, and f(1);

B.  award any actual damage sustained by Plaintiff as a result of Defendant's violation pursuant to 15 U.S.C. § 1692k(a)(1);

C.     award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D.     award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E.     award such other relief as this Court deems just and proper.

## COUNT II:
**Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788 *et seq*.)**

33.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of Cal. Civ. Code § 1788.17**

34.     California Civil Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

35.     As alleged, Defendant violated 15 U.S.C. §§ 1692e(2)(A), e(10), f, and f(1); therefore violating Cal. Civ. Code § 1788.17.

36.     Plaintiff may enforce the provisions of Cal. Civ. Code § 1788.17 pursuant to Cal. Civ. Code § 1788.30 which provides:

(a)     Any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action, and his liability therein to that debtor shall be in an amount equal to the sum of any actual damages sustained by the debtor as a result of the violation;

(b)     Any debt collector who willfully and knowingly violates this title with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor only in an individual action, and his additional liability therein to that debtor shall be for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100.00) nor greater than one thousand dollars ($1,000.00).

(c) In the case of any action to enforce any liability under this title, the prevailing party shall be entitled to costs of the action. Reasonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated Cal. Civ. Code § 1788.17;

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: August 19, 2019                           Respectfully submitted,

**IVAN ROMERO**

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-mail: nick@wajdalawgroup.com